IN THE CIRCUIT COURT OF COAHOMA COUNTY, MISSISSIPPI

MILTON D. "PETE" DUNN,                                    PLAINTIFF

vs.                                      CAUSE NO. 14CI1:21-CV-0048

AGRISOMPO NORTH AMERICA, INC.                             DEFENDANT

---

## VERIFIED COMPLAINT

---

TO THE HONORABLE JUDGES OF COAHOMA COUNTY, MISSISSIPPI:

The Plaintiff, Milton D. "Pete" Dunn, by and through counsel and pursuant to

Miss. R. Civ. P. 57, hereby brings this action for declaratory judgment, compensatory

damages, punitive damages, and injunctive relief, to wit:

### PARTIES

1. Plaintiff Milton D. "Pete" Dunn is an adult resident and citizen of Coahoma

County, Mississippi.

2. Defendant AgriSompo North America, Inc. is a Texas corporation doing

business in the State of Mississippi and the County of Coahoma with a principal place

of business at 7101 82nd Street, Lubbock, Texas 79424, and who may be served with

process via its registered agent, Corporation Service Company, 7716 Old Canton Rd,

Suite C, Madison, MS 39110.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over the parties and the subject matter of this

action.

1



4. Venue is proper in this Court.

## FACTS

5. Plaintiff has worked in the crop insurance industry for over 40 years as a licensed crop insurance agent.

6. Plaintiff and three other individuals were shareholders of Dunn, Marley & Harris Agency, Inc., a crop insurance agency.

7. In 2011, CGB Diversified Services, Inc. ("Diversified") acquired the stock and other assets of Dunn, Marley & Harris Agency, Inc. from Plaintiff and the agency's other shareholders.

8. Plaintiff entered into a Contract of Sale with Diversified, which is attached hereto as **Exhibit A**, as part of the sale transaction.

9. Section 52 of the Contract of Sale provides that all disputes arising out of that agreement shall take place in the courts of Coahoma County, Mississippi.

10. Section 40 of the Contract of Sale provides, in pertinent part:

40. **Covenant Not to Compete.** As a condition of Purchaser's obligations under this agreement, and to the extent that the Purchaser has not committed a material and continuing breach of this agreement, each Seller or key employee shall agree that, while each Seller or key employee is employed by Purchaser and for a period of two years commencing on the last date of employment with Purchaser, and assuming the Purchaser complies with all provisions of this Agreement and does not sell its crop insurance division to another party, said Seller or key employee will not, directly or indirectly, within the existing marketing area of the Corporation, enter into or engage generally in direct competition with the Corporation in the business of insurance....

(emphasis added).

11. Plaintiff was a "Seller" under the Contract of Sale.

2

12. Diversified was the "Purchaser" under the Contract of Sale.

13. As part of Plaintiff's sale transaction to Diversified, Plaintiff entered into an Employment and Non-Compete Agreement, which is attached hereto as **Exhibit B**.

14. Section 8 of the Employment and Non-Compete Agreement is general and purports to restrict Plaintiff from competing with Diversified for a period of two years following his last date of employment with Diversified.

15. Unlike Section 40 the Contract of Sale, Section 8 of the Employment and Non-Compete Agreement does not contain the specific qualifier voiding the non-competition restrictive covenant in the event that Diversified "sold its crop insurance division to another party."

16. Under Mississippi law, specific provisions in a contract control over more general inconsistent language.

17. In 2020, Diversified sold its crop insurance division to Defendant AgriSompo North America, Inc.

18. After Diversified's sale to Defendant, Plaintiff became an employee of Defendant.

19. Diversified's sale of its crop insurance division to Defendant thereby rendered the restrictive covenant of Section 40 of the Contract of Sale unenforceable or inapplicable according to its own terms.

20. The Contract of Sale was not assignable absent prior written consent of the other party except for an assignment incident to a merger, consolidation, or reorganization of either Plaintiff or Diversified.

3

21. Diversified's sale of its crop insurance division to Defendant was not a merger, consolidation, or reorganization.

22. The Employment and Non-Compete Agreement was not assignable.

23. At no time did Plaintiff enter into any agreement with Defendant that would restrict him from competing with Defendant after his termination from employment with Defendant.

24. On August 26, 2021, Defendant terminated Plaintiff's employment.

25. Shortly after Plaintiff's termination, Defendant sent one or more "cease and desist" letters to various companies in the crop insurance industry advising that Plaintiff was subject to certain restrictive covenants that prohibited him from competing with Defendant.

26. Upon information and belief, Defendant has communicated with other business and individuals in the crop insurance industry in Mississippi and elsewhere and advised that Plaintiff is subject to a restrictive covenant that would prohibit him from competing with Defendant.

## COUNT I – DECLARATORY RELIEF

27. Plaintiff hereby incorporates the allegations of Paragraphs 1-25.

28. Plaintiff seeks declaratory judgment pursuant to Miss. R. Civ. P. 57 that neither the Contract of Sale nor the Employment and Non-Compete Agreement contain enforceable or applicable restrictive covenants prohibiting Plaintiff from competing with Defendant.

## COUNT II – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

29. Plaintiff hereby incorporates the allegations of Paragraphs 1-27.

30. After terminating Plaintiff on August 26, 2021, Defendant intentionally and willfully communicated with individuals and businesses in the crop insurance industry to warn or caution them about hiring Plaintiff.

31. Defendant's actions were calculated to prevent Plaintiff from earning a living in the crop insurance industry when Defendant knew that Plaintiff was not bound by any restrictive covenant not to compete with Defendant.

32. Defendant's anti-competitive and unlawful actions were without justifiable cause because the terms of the Contract of Sale with respect to its restrictive covenant no longer apply as a result of Defendant's purchase of Diversified's crop insurance division.

33. Plaintiff has suffered and continues to suffer loss and damages as a result of Defendant's actions in the crop insurance industry asserting that Plaintiff is subject to a non-compete agreement with Defendant.

## COUNT III – UNPAID COMPENSATION

34. Plaintiff hereby incorporates the allegations of Paragraphs 1-32.

35. At the time of Defendant's termination of Plaintiff's employment on August 26, 2021, Plaintiff had earned substantial commissions through the sale of crop insurance.

5

36. Defendant owes Plaintiff substantial commissions and other compensation, which have not been paid to date.

## COUNT IV – INJUNCTIVE RELIEF

37. Plaintiff hereby incorporates the allegations of Paragraphs 1-35.

38. Pursuant to Miss. R. Civ. P. 65(a), Plaintiff seeks temporary and permanent injunctive relief against Defendant prohibiting it from communicating with any other individual or entity that Plaintiff is subject to any restrictive covenant not to compete with Defendant or is otherwise restricted from participating in the crop insurance industry.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that:

1. The Court grant temporary and permanent injunctive relief to Plaintiff enjoining Defendant from communicating with any other individual or entity that Plaintiff is subject to any restrictive covenant not to compete with Defendant or is otherwise restricted from competing in the crop insurance industry;

2. The Court grant declaratory judgment to Plaintiff pursuant to Miss. R. Civ. P. 57 adjudicating, declaring, and decreeing that Plaintiff is not subject to any restrictive covenant not to compete with Defendant under the Contract of Sale, Employment and Non-Compete Agreement, or otherwise;

3. The Court award Plaintiff compensatory damages against Defendant for unpaid compensation and for Defendant's tortious interference with Plaintiff's business relations in an amount no less than $2 million;

4. The Court award Plaintiff punitive damages for Defendant's intentional and willful misconduct in an amount no less than $2 million;

5. The Court award Plaintiff all costs of suit, attorney's fees, and discretionary costs; and

6. The Court award Plaintiff all such other and further relief to which Plaintiff may be entitled.

## VERIFICATION

I declare, under penalty of perjury, that the foregoing is true and correct.

Milton D. "Pete" Dunn

Date: _____9/17/2021_____

Respectfully submitted:

Christopher M. Myatt (MSB 103812)
Martin, Tate, Morrow & Marston, P.C.
International Place, Tower II
6410 Poplar Ave, Suite 1000
Memphis, TN 38119
901-522-9000
901-527-3746 fax
cmyatt@martintate.com

7

IN THE CIRCUIT COURT OF COAHOMA COUNTY, MISSISSIPPI

MILTON D. "PETE" DUNN,

     Plaintiff,

v.

     CAUSE NO. 14CI1:21-cv-0048

AGRISOMPO NORTH AMERICA, INC.,

     Defendant.

## SUMMONS

THE STATE OF MISSISSIPPPI

TO:    AgriSompo North America, Inc.
       c/o Corporation Service Company
       7716 Old Canton Rd, Suite C
       Madison, MS 39110

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

     You are required to mail or hand deliver a copy of a written response to the Complaint to Christopher M. Myatt, Esq., attorney for the Plaintiff, whose address is Martin, Tate, Morrow & Marston, P.C., 6410 Poplar Ave, Suite 1000, Memphis, Tennessee 38119. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint

     You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

     Issued under my hand and the seal of said Court, this 23 day of Sept., 2021.

          *Demetria Jackson*
        *Circuit Clerk, Coahoma County*
           *P.O. Box 849*
         *Clarksdale, MS 38614*

                       *Demetria Jackson*

                       Clerk of Coahoma County Mississippi



                       By: J. ____, D.C.

(Seal)

## PROOF OF SERVICE – SUMMONS

_____

Name of Person or Entity Served

      I, the undersigned process server, served the summons and complaint upon the person or entity named above n the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____ **FIRST CLASS MAILL AND ACKNOWLEDGEMENT SERVICE.** By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgement and return envelope, postage prepared, addressed to sender (Attached completed acknowledgement of receipt pursuant to M.R.C.P. Form 1B).

_____ **PERSONAL SERVICE.** I personally delivered copies to _____ on the _____ day of _____, 20__, where I found said person in _____ County of the State of _____.

_____ **RESIDENCE SERVICE.** After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, Mississippi. I served the summons and complaint on the _____ day of _____, 20___, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 20___, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.)

_____ **CERTIFIED MAIL.** By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (Attach signed return receipt or the return envelope marked "Refused".)

At the time of service, I was at least 18 years of age and not a party to this action.

Fee for Service: $ _____

Process server must list below:

_____

Name:_____

SSN:_____
Address: _____

_____
Telephone No. _____

State of _____

County of _____

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____ who being first by me duly sworn states on oath that the matters and facts set forth I the foregoing "proof of service – Summons" are true and correct as therein stated.

_____
Process Server (signature)

Sworn to and subscribed before me this the ____ day of _____, 20___.

_____
Notary Public

(seal)

My Commission Expires:_____