IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**MILTON D. "PETE" DUNN**                                                                    **PLAINTIFF**

**VERSUS**                                           **CIVIL ACTION NO.: 4:21cv00136-DMB-JMV**

**AGRISOMPO NORTH AMERICA, INC.**                                     **DEFENDANT**

**DEFENDANT AGRISOMPO NORTH AMERICA, INC.'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

AgriSompo North America, Inc. (hereafter "AgriSompo" or "Defendant") states as follows for its Answer to Plaintiff's Verified Complaint (the "Complaint"):

**PARTIES**

1. Defendant admits the allegations in Paragraph 1.

2. Defendant admits the allegations in Paragraph 2.

**JURISDICTION AND VENUE**

3. Defendant timely removed this case from state court to federal court on the basis of diversity jurisdiction. Defendant avers that the Northern District of Mississippi, Greenville Division, has jurisdiction over this matter.

4. Defendant timely removed this case from state court to federal court on the basis of diversity jurisdiction. Defendant avers that the Northern District of Mississippi, Greenville Division, is the proper venue for this matter.

**FACTS**

5. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 5, and therefore denies all allegations in Paragraph 5.

6. Defendant admits the allegations in Paragraph 6.

1

7. Defendant admits the allegations in Paragraph 7.

8. Defendant admits the allegations in Paragraph 8.

9. Defendant denies the allegations in Paragraph 9. In particular, Section 52 of the Contract of Sale provides for permissive (rather than mandatory) venue in Coahoma County, Mississippi for any disputes arising out of the agreement.

10. Defendant admits the allegations in Paragraph 10.

11. Defendant admits the allegations in Paragraph 11.

12. Defendant admits the allegations in Paragraph 12.

13. Defendant admits the allegations in Paragraph 13.

14. Defendant admits that Section 8 of the Employment and Non-Compete Agreement contains, among other things, a post-employment restrictive covenant that Plaintiff executed in connection with his employment with Diversified and that the post-employment restrictive covenant runs for two years following the last date of Plaintiff's employment. Defendant denies all remaining allegations in Paragraph 14.

15. Defendant admits the allegations in Paragraph 15.

16. Paragraph 16 contains legal conclusions to which no response is required.

17. Defendant denies the allegations in Paragraph 17.

18. Defendant denies the allegations in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19 and specifically denies that Diversified's crop insurance was sold to Defendant.

20. Defendant admits the allegations in Paragraph 20.

21. Defendant denies the allegations in Paragraph 21 and specifically denies that Diversified's crop insurance was sold to Defendant.

22. Defendant denies the allegations in Paragraph 22.

23. Defendant admits that there are no additional agreements governing or pertaining Plaintiff's post-employment non-compete restrictions other than the Contract of Sale and the Employment and Non-Compete Agreement, both of which are attached to the Verified Complaint as Exhibits A and B, respectively. Defendant denies all remaining allegations in Paragraph 23.

24. Defendant admits the allegations in Paragraph 24.

25. Defendant admits that it sent correspondence to certain Approved Insurance Providers notifying them that Plaintiff was no longer employed with Defendant and that Plaintiff was subject to "certain restrictive covenants, in addition to certain common law duties as a former employee." Defendant denies all remaining allegations in Paragraph 25, and specifically denies the characterization of the correspondence as "cease and desist" letters.

26. Defendant admits that it sent correspondence to certain Approved Insurance Providers notifying them that Plaintiff was no longer employed with Defendant and that Plaintiff was subject to "certain restrictive covenants, in addition to certain common law duties as a former employee." Defendant denies all remaining allegations in Paragraph 26.

## COUNT I – DECLARATORY RELIEF

27. Defendant hereby restates and incorporates by reference all of its foregoing responses to Paragraphs 1-26.

28. This Paragraph is a statement of the case to which no response is required. Defendant denies that Plaintiff is entitled to the relief requested. Defendant further denies that the restrictive covenants contained in the Contract of Sale and the Employment and Non-Compete Agreement are unenforceable or inapplicable.

## COUNT II – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

29. Defendant hereby restates and incorporates by reference all of its foregoing responses to Paragraphs 1-28.

30. Defendant denies the allegations in Paragraph 30.

31. Defendant denies the allegations in Paragraph 31.

32. Defendant denies the allegations in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33.

## COUNT III – UNPAID COMPENSATION

34. Defendant hereby restates and incorporates by reference all of its foregoing responses to Paragraphs 1-33.

35. Defendant denies the allegations in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36.

## COUNT IV – INJUNCTIVE RELIEF

37. Defendant hereby restates and incorporates by reference all of its foregoing responses to Paragraphs 1-36.

38. This Paragraph is a statement of the case to which no response is required. Defendant denies that Plaintiff is entitled to the relief requested.

## PRAYER FOR RELIEF

39. Defendant denies that Plaintiff is entitled to any of the relief requested in the Prayer or to any other relief whatsoever, whether monetary, injunctive, or otherwise.

## REMAINING DENIALS

40. Except as specifically and expressly admitted in Paragraphs 1-39 above, Defendant denies each and every, all and singular, allegation contained within the Verified Complaint,

whether such allegations are express or implied, and whether contained in any paragraph, section, section header, title, or any other part or portion of the Verified Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant hereby states the following affirmative and additional defenses to the Complaint but does not assume the burden of proof on any such defenses except as required by applicable law with respect to a particular defense asserted. To the extent any of these affirmative and additional defenses may be deemed to be inconsistent with any other, such defenses are hereby pleaded in the alternative.

1. The Verified Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are, in whole or in part, barred by the equitable doctrine of unclean hands.

3. The Verified Complaint and the claims asserted by Plaintiff violate the Mississippi Litigation Accountability Act.

4. Defendant reserves its right to assert any other and further affirmative or additional defenses that may be or become available to it, including those which may be disclosed or discovered through further assertions by Plaintiff or otherwise during the discovery process.

**WHEREFORE**, Defendant AgriSompo North America, Inc. requests that Plaintiff's Verified Complaint be dismissed in its entirety, with prejudice; that Defendant be awarded its reasonable attorneys' fees and costs incurred in defending this matter, including without limitation any expert fees; and that Defendant have such other and further relief as the Court may deem just and equitable.

THIS the 28th day of October, 2021.

Respectfully submitted,

s/Kevin M. Duddlesten
Kevin M. Duddlesten (MSB 106038)
Duddlesten Law Group, PLLC
PMB 325, 4347 Northwest Hwy, Suite 130
Dallas, TX 75220
Tel: (214) 833-5228
Fax: (469) 457-6785
kevin@duddlestenlawgroup.com

Steven R. Cupp (MSB 99975)
Fisher & Phillips LLP
2505 14th Street, Suite 300
Gulfport, MS 39501
Tel: (228) 822-1440
Fax: (228) 822-1441
scupp@fisherphillips.com

**COUNSEL FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

I, Kevin M. Duddlesten, do hereby certify that I have filed with the Clerk of Court the foregoing "Defendant AgriSompo North America, Inc.'s Answer and Affirmative Defenses to Plaintiff's Complaint" utilizing the Court's ECF-system which sent a copy of same to the following:

Christopher M. Myatt (MSB 103812)
Martin, Tate, Morrow & Marston
International Place, Tower II
6410 Poplar Ave., Suite 1000
Memphis, TN 38119
Tel: (901) 522-9000
Fax: (901) 527-3746
cmyatt@martintate.com

This the 28th day of October, 2021.

             s/Kevin M. Duddlesten
             KEVIN M. DUDDLESTEN (MSB 106038)