IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**MILTON D. "PETE" DUNN**     **PLAINTIFF**

**V.**     **NO. 4:21-CV-136-DMB-JMV**

**AGRISOMPO NORTH AMERICA, INC.**     **DEFENDANT**

## ORDER

After AgriSompo North America, Inc. removed this case to federal court, Milton Dunn moved to remand the case to the Circuit Court of Coahoma County based on forum selection clauses in two contracts. Because neither contract contains language waiving AgriSompo's right to removal, remand will be denied.

## I
## Procedural History

On September 22, 2021, Milton D. "Pete" Dunn filed a complaint in the Circuit Court of Coahoma County, Mississippi, against his former employer, AgriSompo North America, Inc. Doc. #2. Dunn seeks (1) declaratory relief regarding the enforceability and applicability of a "Contract of Sale" and an "Employment and Non-Compete Agreement" ("Employment Agreement") he entered with CGB Diversified Services, Inc. before Diversified "sold its crop insurance division" to AgriSompo; (2) damages for tortious interference with business relations based on AgriSompo's alleged communications "with individuals and businesses in the crop insurance industry to warn or caution them about hiring [him];" (3) unpaid compensation; and (4) injunctive relief "prohibiting [AgriSompo] from communicating with any other individual or entity that [he] is subject to any restrictive covenant not to compete." *Id.* at 2–7.

AgriSompo, alleging diversity jurisdiction, removed the case to the United States District

Court for the Northern District of Mississippi on October 22, 2021. Doc. #1. On November 10, 2021, Dunn filed a motion to remand.[1] Doc. #12. AgriSompo responded to the motion, Doc. #22;[2] Dunn did not reply.

## II
## Standard

"Under the federal removal statute, a civil action may be removed from a state court to a federal court on the basis of diversity. This is so because the federal court has original subject matter jurisdiction over such cases." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016). "The party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper. Any ambiguities are construed against removal and in favor of remand to state court." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) (cleaned up). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## III
## Analysis

There can be no dispute that diversity jurisdiction exists in this case. *See* Doc. #2 at 1, 7 (alleging Dunn is a citizen of Mississippi and AgriSompo is incorporated in Texas with a principal place of business in Texas, and demanding $2 million in compensatory damages). But Dunn argues remand is proper because both the Contract of Sale and the Employment Agreement "mandate venue in Coahoma County, Mississippi" and "[t]here is no federal courthouse located in Coahoma County." Doc. #14 at 1–2. Dunn relies on the clause in the Contract of Sale which

---

[1] Dunn's motion also requested an extension of time to reply in support of his pre-removal motion for preliminary injunction. Doc. #14 at 4. This Court denied the extension request on November 24, 2021, finding that "[s]ince the injunction motion is not pending on this federal docket, there is no need to extend the time to reply in support of it." Doc. #20 at 3.

[2] The Court struck AgriSompo's initial response for failure to comply with the Local Rules but allowed AgriSompo a period of time to refile an appropriate response. Doc. #21.

provides that "[a]ny dispute arising under this agreement shall be subject to the jurisdiction of the State of Mississippi and venue of the County of Coahoma County." Doc. #9-2 at PageID 61; *see* Doc. #14 at 1. The relevant clause in the Employment Agreement cited by Dunn provides:

> Employee, to the full extent permitted by law, hereby knowingly, intentionally, and voluntarily, with and upon the advice of competent counsel, (i) submits to personal jurisdiction in the State of Mississippi and venue of Coahoma County over any suit, action, or proceeding by any person arising from or relating to this Agreement, and (ii) agrees that he will not bring any action, suit or proceeding against Employer in any other forum.

*Id.* at PageID 67; *see* Doc. #14 at 1–2.

AgriSompo responds that because Dunn's claims arise out of the Employment Agreement, "the venue provision in [it] … controls the outcome of [the motion to remand]" and the language in the Employment Agreement is permissive, not exclusive, because it reflects Dunn's "agreement not to initiate litigation anywhere other than Coahoma" without "impedi[ng] AgriSompo's ability to remove the case to federal court (provided that federal jurisdiction exist [sic], which it does here)." Doc. #23 at 2–5.

> [A] party to a contract may waive a right of removal provided the provision of the contract makes clear the intent to waive that right. Nevertheless, a waiver of removal rights does not have to include explicit words, such as "waiver of right of removal." A party may waive its rights by explicitly stating that it is doing so, by allowing the other party the right to choose venue, or by establishing an exclusive venue within the contract.

*Dynamic CRM Recruiting Sols., L.L.C. v. UMA Educ., Inc.*, 31 F.4th 914, 917 (5th Cir. 2022) (cleaned up).

Here, under both the Contract of Sale and the Employment Agreement,[3] Dunn's remand arguments fail. Although the Contract of Sale provides that disputes "shall be subject to the

---

[3] Since remand is not warranted under either contract, the Court need not determine at this time whether Dunn's claims arise only under the Employment Agreement as AgriSompo argues.

jurisdiction of … Mississippi and venue of … Coahoma County,"[4] "[a] party's consent to jurisdiction in one forum does not necessarily waive its right to have an action heard in another." *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004). Because nothing in the Contract of Sale "clearly demonstrate[s] the parties' intent to make [jurisdiction in Coahoma County] exclusive," AgriSompo did not waive its removal right in the Contract of Sale. *Id.*; *see Caldas & Sons, Inc. v. Willingham*, 17 F.3d 123, 127 (5th Cir. 1994) (analyzing the use of "shall" in a similar clause and determining that "the language does not clearly indicate that the parties intended to declare [the listed forum] to be the exclusive forum"). And in the Employment Agreement, Dunn—but not AgriSompo—"submit[ted] to personal jurisdiction in … Mississippi and venue of Coahoma County" and agreed not to bring any action in another forum.[5] Doc. #9-2 at PageID 67. There is no language in this clause indicating an agreement by AgriSompo to waive its removal right. Because neither the Contract of Sale nor the Employment Agreement explicitly waives AgriSompo's right of removal, grants Dunn the right to choose venue, or establishes Coahoma as an exclusive venue, AgriSompo was entitled to remove this case and remand is not warranted.

## IV
## Conclusion

For the reasons explained above, Dunn's motion to remand [12] is **DENIED**.

**SO ORDERED**, this 16th day of June, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[4] Doc. #9-2 at PageID 61.

[5] Under Mississippi law, one-sided forum selection clauses are generally enforceable because "mutuality of obligation [is] not required … as long as the underlying contract was supported by consideration." *Pridgen v. Green Tree Fin. Servicing Corp.*, 88 F. Supp. 2d 655, 658–59 (S.D. Miss. 2000).